**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

VIOLET ANDREWS,

                        Plaintiff,

      - v -                                          Civ. No. 7:10-CV-1202
                                                                (RFT)

CAROLYN W. COLVIN, *Acting Comm'r of Social Security*,[1]

                        Defendant.

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff Violet Andrews is a prevailing party in this action which sought judicial review of the Commissioner's denial of Social Security disability benefits. *See* Dkt. No. 18, Mem. Dec. & Order, dated Aug. 21, 2012. Plaintiff's attorney, Howard D. Olinsky, Esq., previously sought attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and the Court awarded EAJA fees in the amount of $7,734.33. *See* Dkt. No. 22. Having received a favorable decision upon remand of this action to the Social Security Administration, Olinsky now seeks $10,384.50 in attorney fees and costs pursuant to § 206(b)(1) of the Social Security Act ("SSA"), codified at 42 U.S.C. § 406(b). Dkt. No. 23. The Commissioner responds that she "has no objections to counsel's request for attorney fees pursuant to 42 U.S.C. § 406(b)," but requests that the Court review the matter to ensure that there is a reasonable result.

**II.    DISCUSSION**

Fee awards can be made under both the SSA and the EAJA, but the lesser of the two fees must be refunded to the plaintiff by her attorney. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002);

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted as the Defendant in this suit.

*see Weaver v. Astrue*, 2008 WL 90647, at * 2 (N.D. Fla. April 3, 2008) ("[A]lthough fees can be awarded under both the EAJA and § 406(b), Congress has precluded receipt of attorney fees for the same services provided under the EAJA and the Social Security Act."). Awards under the EAJA are calculated by using the "lodestar" method and are paid by the Government. They are intended to reduce the high cost of litigation that may deter individuals from seeking review of government decisions. *See Trichilo v. Sec'y of Health and Human Servs.*, 823 F.2d 702, 704 (2d Cir. 1987).

Awards under § 406, by contrast, are paid by the claimant out of past due benefits. They are not calculated using the lodestar method, but instead are paid pursuant to the terms of a contingency agreement which cannot exceed 25% of the past due benefits. *See* 42 U.S.C. § 406(b);[2] *Gisbrecht v. Barnhart*, 535 U.S. at 805-08. The requested fee is tested for reasonableness by looking at the character of the representation, the results the representation achieved, and whether a fee award will result in a windfall to the attorney. *Gisbrecht v. Barnhart*, 535 U.S. at 806-808 & 809 (noting that § 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead [the section] instructs courts to review for reasonableness fees yielded by those agreements."). Post-*Gisbrecht* cases have "generally been deferential to the terms of contingent fee contracts, accepting *de facto* hourly rates that exceed those for non-contingent fee cases." *Weaver v. Astrue*, 2008 WL 90647, at *3 (collecting cases). Courts have awarded fees equating with *de facto* hourly rates as high as $1,186.47 per hour. *Boyd v. Barnhart*, 2002 WL 32096590, at *2 (E.D.N.Y. Oct. 24, 2002).

Attorney Olinsky contends that the fee he seeks is reasonable in light of the 25% contingent

---

[2] Section 406(b) provides, in pertinent part, that
Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

fee agreement with his client, as well as the amount of hours spent on this case, the complexity of the issues involved, and his expertise and experience in social security matters. Dkt. No. 23-1.

The Court finds that the fee requested by Olinsky is reasonable. Olinsky's efforts, which spanned a period of time from 2010 to 2013, were successful in obtaining a significant past-due social security benefit payment, in excess of $33,575.00, for Plaintiff and her beneficiaries. Olinsky was also successful in obtaining a fee determination under the EAJA, which will have the effect of increasing his client's award. There have been no claims of undue delay, nor is there any assertion of fraud or overreaching by Olinsky. The EAJA fees must be repaid to Plaintiff upon receipt of the SAA award and, therefore, there is no windfall to Olinsky.

## III.   CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED**, that the Motion for Attorney Fees under 42 U.S.C. § 406(b) (Dkt. No. 23) is **GRANTED**. Plaintiff's attorney, Howard Olinsky, Esq., shall be awarded attorney's fees in the amount of $10,384.50, to be paid out of the sums withheld by the Commissioner from Plaintiff's past due benefits; and it is further

**ORDERED**, that upon receipt of attorney's fees in the amount of $10,384.50, pursuant to 42 U.S.C. § 406(b), Plaintiff's attorney, Howard Olinsky, Esq., shall immediately refund to Plaintiff the previously awarded EAJA sum of $7,734.33.

**IT IS SO ORDERED.**

Date:   November 20, 2013
        Albany, New York

Randolph F. Treece
U.S. Magistrate Judge